**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5060**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

KAMBREH JONES,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:11-cr-00083-RDB-1)

———————

Submitted:  July 26, 2012          Decided:  August 14, 2012

———————

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————

William L. Welch, III, Baltimore, Maryland, for Appellant.  Ayn Brigoli Ducao, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kambreh Jones pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Jones to 180 months' imprisonment, and Jones now appeals.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but questioning the drug quantity attributed to Jones for sentencing purposes. Jones filed a pro se supplemental brief also challenging the drug quantity for which he was held responsible.

The Government seeks to enforce the appellate waiver provision of the plea agreement, and has moved to dismiss Jones' appeal in part. In response, Jones' counsel acknowledges the appeal waiver but asserts that Jones nevertheless opposes the motion to dismiss.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue on appeal is

within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if "the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted).

In the plea agreement, the parties stipulated to a sentencing range of 168 to 210 months' imprisonment and, as long as the court accepted the plea agreement, Jones agreed to waive his right to appeal any sentence within the stipulated range. We have thoroughly reviewed the record and conclude that Jones knowingly and intelligently entered into the plea agreement and that his waiver of appellate rights was similarly knowing and intelligent. Because Jones' sentence of imprisonment falls within the stipulated range, we find that he has waived his right to appeal his sentence. Accordingly, we grant the Government's motion to dismiss in part and dismiss Jones' appeal of his sentence.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. Accordingly, we affirm Jones' conviction, grant the Government's motion to dismiss in part and dismiss the appeal of Jones' sentence. We deny Jones' pro se request to hold his appeal in abeyance and deny counsel's motion to withdraw. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>